### STARR v. RITCHIE.

(Supreme Court, Appellate Term. November 18, 1903.)

1. NEW TRIAL—INADEQUACY OF DAMAGES—REVIEW.

An order granting plaintiff's motion for a new trial on the minutes after verdict, for inadequacy of damages, will not be reversed on appeal, unless actual and obvious injustice has resulted from the exercise of the court's discretion.

Appeal from City Court of New York, Trial Term.

Action by Theodore B. Starr against Adele Ritchie. From an order of the City Court granting plaintiff's motion for a new trial on the minutes after verdict, for inadequacy of damages, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Meyer Greenberg, for appellant.

Philip Carpenter, for respondent.

PER CURIAM. The award of damages was inadequate where tested by the apparent probabilities as to the defendant's express or implied promise to pay for the item of resetting, and the presiding justice's estimate of the relative credibility of two opposed witnesses upon the issue of an express agreement may well have led to the further strengthening of the case for the plaintiff. The advantages possessed by the justice below in hearing the testimony as given enters to some extent into the inquiry upon a review of his direction of a new trial after verdict (Lund v. Spencer, 42 App. Div. 543, 59 N. Y. Supp. 752), and the order is not to be disturbed unless actual and obvious injustice has resulted from this exercise of discretion at the trial (Id.). It appears to us that there was not only no injustice to the defendant in this case, but that the trial justice's discretion was quite commendably exercised.

Order affirmed, with $10 costs and disbursements. All concur.